UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

CHIQUITA WINFIELD,

       Plaintiff,

      v.                                 ACTION NO. 4:24cv25

JP MORGAN CHASE BANK,

       Defendant.

## DISMISSAL ORDER

This matter is before the Court on Defendant JP Morgan Chase Bank's ("Defendant") Motion to Dismiss. Mot. Dismiss, ECF No. 5. The Court concludes that oral argument is unnecessary because the facts and legal arguments have been adequately presented to the Court. For the reasons set forth below, Defendant's Motion to Dismiss, ECF No. 5, is **GRANTED**, and this civil action is **DISMISSED**.

## I.    Relevant Factual and Procedural Background

On November 17, 2023, Plaintiff Chiquita Winfield ("Plaintiff"), appearing *pro se*, filed a Warrant in Debt against Defendant in the Newport News General District Court. Warrant Debt, ECF No. 1-2 at 2. In the Warrant in Debt, Plaintiff summarized the basis for her lawsuit as follows: "FURNISHING CERTAIN DECEPTIVE FORMS, CRIMINAL NEGLIGENCE, UNFAIR MEANS TO COLLECT A DEBT, HAR[]ASSMENT, CIVIL LIABILITY." *Id.*

The Newport News General District Court ordered Plaintiff to submit a Bill of Particulars to clarify her intended claims.[1] Bill Particulars, ECF No. 1-2 at 4. In the Bill of Particulars, which was sent to Defendant on January 17, 2024, Plaintiff stated:

1. Continued to report a charge off to my consumer report. Sold debt to a third party debt collector.
2. Two accounts reporting on my consumer report, damaging my consumer report. Unfair means to collect a debt.
3. This har[]as[s]ment and abuse has caused me emotional distress. It has also made it a challenge when applying for new credit & has dropped my credit score.
4. Two debt collectors attempting to collect the same debt and damaging my credit score and character.

*Id.*[2]

Upon receipt of Plaintiff's Bill of Particulars, Defendant determined that "Plaintiff's claim related to the Fair Credit Reporting Act" ("FCRA"), and therefore, Plaintiff's state court action could be removed to federal court on the basis of federal question jurisdiction. Notice Removal at 2, ECF No. 1. Defendant removed Plaintiff's state court action to this Court on February 16, 2024. *Id.* at 1–4.

On February 23, 2024, Defendant filed a Motion to Dismiss and provided *pro se* Plaintiff with a proper *Roseboro* Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. Mot. Dismiss at 1–4, ECF No. 5; *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975); *see*

---

[1] The Bill of Particulars contained a set of instructions, which stated: "You are . . . required to fully state . . . each of the reasons/grounds why you think the defendant owes you the money or property claimed." Bill Particulars, ECF No. 1-2 at 4.

[2] The Court will refer to Plaintiff's Warrant in Debt and Bill of Particulars herein collectively as Plaintiff's "Complaint."

*also* E.D. Va. Loc. Civ. R. 7(K). Plaintiff did not respond to Defendant's Motion to Dismiss, and her deadline to do so has expired.

## II.    Legal Standard

Defendant seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. Dismiss at 1. A motion to dismiss under Rule 12(b)(6) should be granted if a complaint fails to "allege facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). As such, the Court must accept all factual allegations contained in Plaintiff's Complaint as true and draw all reasonable inferences in favor of Plaintiff. *Id*. "Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Id.* (citations omitted).

"In cases where the plaintiff appears *pro se*, courts do not expect the *pro se* plaintiff to frame legal issues with the clarity and precision expected from lawyers." *Suggs v. M&T Bank*, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017). In such cases, courts are required to construe the operative complaint liberally. *Id.* However, courts "cannot act as a *pro se* litigant's 'advocate and develop, *sua sponte*, . . . claims that the [litigant] failed to clearly raise on the face of [the] complaint.'" *Bolton v. Chesterfield*

3

*Cnty. Sch. Bd.*, No. 3:19cv558, 2020 U.S. Dist. LEXIS 177072, at \*5 (E.D. Va. Sept. 25, 2020) (alterations in original) (citation omitted); *see Jackson v. Wilhelm Rest. Grp., Inc.*, No. 1:22cv165, 2022 U.S. Dist. LEXIS 61093, at \*5 (E.D. Va. Mar. 30, 2022) (explaining that a court's requirement to liberally construe a *pro se* complaint "neither excuses a *pro se* plaintiff of his obligation to 'clear the modest hurdle of stating a plausible claim' nor transforms the court into his advocate" (citation omitted)).

### III.   Analysis

Plaintiff's Complaint is difficult to decipher; however, it is clear that Plaintiff believes that Defendant reported inaccurate financial information that negatively impacted Plaintiff's credit report. *See* Warrant Debt, ECF No. 1-2 at 2; Bill Particulars, ECF No. 1-2 at 4 (alleging that Defendant "[c]ontinued to report a charge off to [Plaintiff's] consumer report" and referring to subsequent "damag[e]" to Plaintiff's "consumer report"). Accordingly, Defendant construes Plaintiff's Complaint as asserting a claim for relief under the FCRA. Mem. Supp. Mot. Dismiss at 3, ECF No. 6. Upon review, the Court agrees with Defendant's construction of Plaintiff's Complaint.[3]

Section 1681s-2(a) of the FCRA "prohibits any person from furnishing information to a [consumer reporting agency] that the person knows is inaccurate."

---

[3] In its Motion to Dismiss, Defendant specifically stated: "[Defendant] perceives a claim under [the] FCRA as the only claim alleged" in this action. Mem. Supp. Mot. Dismiss at 3, ECF No. 6. The Court notes that Plaintiff did not respond to Defendant's Motion to Dismiss or otherwise challenge Defendant's construction of Plaintiff's Complaint.

4

*Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 148 (4th Cir. 2008); *see* 15 U.S.C. § 1681s-2(a). Further, § 1681s-2(a)(2) requires "any person who 'regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies' [to] . . . correct and update the information provided so that it is 'complete and accurate.'" *Saunders*, 526 F.3d at 148. However, the "FCRA explicitly bars private suits for violations of § 1681s-2(a)." *Id.* at 149; *see Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 933 (E.D. Va. 2012) (noting that "[n]o private cause of action exists pursuant to subsections of [the] FCRA other than subsection (b)").

The FCRA does provide a private cause of action for claims brought pursuant to § 1681s-2(b). *Saunders*, 526 F.3d at 149. Section 1681s-2(b) imposes certain investigatory obligations on a furnisher of information if it is notified by a consumer reporting agency that there is a dispute regarding the completeness or accuracy of any information provided by the furnisher. *See* 15 U.S.C. § 1681s-2(b). Once a furnisher receives notice from a consumer reporting agency, the furnisher must, for example, investigate the disputed information, review all relevant information, report its investigation results, and make any modifications, as appropriate. *Id.* Therefore, to state a claim for relief under § 1681s-2(b), a plaintiff must allege that: (i) "he [or she] notified the consumer reporting agency of the disputed information"; (ii) the consumer reporting agency "notified the defendant furnisher of the dispute"; and (iii) the "furnisher then failed to investigate and modify the inaccurate information." *Schmidt v. Fair Collection & Outsourcing, Inc.*, No. 1:17cv313, 2018 U.S. Dist. LEXIS 6982, at *4 (E.D. Va. Jan. 12, 2018). "A furnisher, however, cannot

5

be liable under section 1681s-2[(b)], unless it has received notice from a credit reporting agency that a consumer disputes the information reported." *Tieffert v. Equifax Info. Servs., LLC*, No. 3:14cv609, 2014 U.S. Dist. LEXIS 175546, at *8–9 (E.D. Va. Dec. 19, 2014); *see Taylor*, 841 F. Supp. 2d at 933 (noting that the "receipt of a notice from a credit reporting agency is the event that triggers [a furnisher's] obligation to investigate" under § 1681s-2(b)).

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint fails to allege facts sufficient to state a plausible FCRA claim against Defendant. Mem. Supp. Mot. Dismiss at 3–8. Specifically, Defendant argues:

> It remains fundamental and a necessary prerequisite to any claim against a furnisher of credit information under [the] FCRA[, such as Defendant,] to allege that <u>a dispute of the allegedly erroneous credit reporting was made to a [consumer reporting agency]</u>, and that <u>the [consumer reporting agency] provided notice of the dispute to the furnisher</u> of credit information—in this case, [Defendant]—who then failed to correct the alleged error. No such allegations are present, nor even hinted at, in Plaintiff's Complaint. The failure to allege any of these three prerequisites—a dispute, notice to [Defendant], and [Defendant's] failure to correct the error—is fatal to any FCRA claim.

*Id.* at 5–6 (citations omitted).

Upon review, the Court finds that Plaintiff's Complaint fails to allege facts sufficient to state an FCRA claim against Defendant. Specifically, the Court finds that Plaintiff does not allege any facts to suggest that she notified a consumer reporting agency of any disputed information, that a consumer reporting agency notified Defendant of the dispute, or that Defendant failed to properly investigate the situation after receiving such notice. *See* Warrant Debt, ECF No. 1-2 at 2; Bill Particulars, ECF No. 1-2 at 4. Without such factual allegations, Plaintiff cannot state

a plausible FCRA claim against Defendant. *See Schmidt*, 2018 U.S. Dist. LEXIS 6982, at *4; *Tieffert*, 2014 U.S. Dist. LEXIS 175546, at *8–9; *Taylor*, 841 F. Supp. 2d at 933. Accordingly, Defendant's Motion to Dismiss, ECF No. 5, is **GRANTED**, and this civil action is **DISMISSED**.[4]

### IV.    Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 5, is **GRANTED**, and this civil action is **DISMISSED**.

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607. The written notice of appeal must be received by the Clerk within thirty days of the date of entry of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* shall be submitted to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607.

The Clerk is **DIRECTED** to please send a copy of this Dismissal Order to Plaintiff Chiquita Winfield and to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Newport News, Virginia
July 17, 2024

---

[4] To the extent that Plaintiff intended to assert any other claim against Defendant in this action not discussed herein, the Court finds that any such claim is inadequately identified in Plaintiff's Complaint, is factually unsupported, and is likewise subject to dismissal under Rule 12(b)(6).